UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RANDY K. GILBERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  1:18-cv-00159-AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Randy K. Glbert's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On October 16, 2017, Petitioner pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The Court accepted Petitioner's plea, and on January 16, 2018, sentenced Petitioner to a total of 58 months in prison—12 months below the lowest end of the advisory range under United States Sentencing Guidelines—and a three-year term of supervised release.  *United States v. Gilbert*, Case No. 1:17-cr-00075-AGF, ECF No. 27 (Jan. 16, 2018).[1]  Petitioner was released from prison on May 5, 2021, while his § 2255 motion was pending.  *See Federal Bureau of Prisons, Find an inmate, Find By Number*, https://www.bop.gov/inmateloc/ (last accessed Aug. 30, 2021, as to BOP Register Number 46959-044).

---

[1]   Filings in Petitioner's criminal case will be referenced hereafter as "Crim. ECF No."

In his pro se motion under § 2255, Petitioner asserts four grounds for relief, each challenging his now-completed prison term.  Specifically, Petitioner argues that he received ineffective assistance of sentencing counsel because (1) new counsel entered on his behalf only two weeks before sentencing and met with Petitioner only once, three days before sentencing, (2) sentencing counsel failed to object to the United States Probation Office's Presentence Investigation Report's ("PSR") assessment of a criminal history point for a misdemeanor conviction for driving while intoxicated ("DWI"), (3) sentencing counsel failed to have all letters of support admitted on record, and (4) sentencing counsel failed to cite Petitioner's past drug abuse as a reason for a lower sentence.

Petitioner does not challenge his underlying conviction or allege that he suffers any collateral consequence from the expired term of imprisonment. Nor does Petitioner challenge the term of supervised release imposed or seek any relief with respect to that aspect of his sentence.  Rather, he challenges only the term of his imprisonment, which has now expired.  In such a situation, the Eighth Circuit has held that there is no ongoing case or controversy and the habeas petition is moot.  *See, e.g.*, *Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019) ("Now that Owen has been released from prison, the court cannot grant any effectual remedy, because Owen has obtained all of the relief that he sought.. . . The mere fact that Owen is serving an unexpired, *unchallenged* term of supervised release does not sustain an actual controversy.") (emphasis in original)

Moreover, even if the Court were to find the petition was not moot, Petitioner's claims are plainly refuted by the record.  To prevail on his claims, Petitioner must show

both that sentencing counsel's performance was deficient and that there is "a reasonable probability that his sentence would have been different but for the deficient performance." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014). Petitioner has failed to satisfy either prong.

As to Ground One, the Court confirmed on the record at sentencing that sentencing counsel had an adequate opportunity to review the contents of the PSR with Petitioner, Petitioner at no time raised any questions or concerns regarding sentencing counsel's representations despite being given the opportunity to address the Court, the record conclusively demonstrates that sentencing counsel made a compelling argument on Petitioner's behalf that in fact persuaded the Court to sentence Petitioner well below the Guidelines range, and Petitioner has wholly failed to explain how the change in counsel affected his sentence.

Moreover, the record reflects that the PSR was reviewed by Petitioner's original Assistant Federal Public Defender (Scott Tilsen) before new counsel was substituted, and AFPD Tilsen advised that there was no objections to the PSR. Crim. ECF No. 37. The Court also granted a variance below the low end of the Guidelines range over the Government's request for a Guidelines sentence.

Regarding Ground Two, contrary to Petitioner's argument, DWI offenses are always counted as criminal history points under the Guidelines, without regard to how the offense is classified. *See* U.S.S.G. § 4A1.2, comment. (n.5); *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010) (an attorney's failure to raise a meritless argument does not constitute ineffective assistance). As to Ground Three, Petitioner has not identified or

3

explained what additional letters of support counsel should have offered or why those letters would have persuaded the Court to lower his sentence even further than it did. Finally, regarding Ground Four, the record conclusively demonstrates that sentencing counsel did in fact discuss Petitioner's history of drug abuse as a factor to be considered at sentencing. *See* Crim. ECF No. 44 at 2; Crim. ECF No. 59 at 9, 17 & 21.

For all of these reasons, the Court will deny Petitioner's motion. Petitioner has not requested an evidentiary hearing, and no such hearing is warranted because the record before the Court conclusively demonstrates that Petitioner is not entitled to relief. *See* 28 USC § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Randy K. Gilbert's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August 2021